Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
  PEDRO MENDES, JR.,              :

           Plaintiff,         :

                       :

      - against -       :

                       :

LIBERTY TRAVEL, INC., HELENA LOGELFO, :
DONNA RICCARDI, LAUREN ROTHMAN,  :
SUSAN BRENNAN, and KELLY FYTRAS,   :

                       :

          Defendants.       :
------------------------------------------------------------x

**ELECTRONICALLY FILED**

 07 CV 6568 (LAP)(GWG)

**ANSWER TO**
**AMENDED COMPLAINT**

        Defendants Liberty Travel, Inc. ("Liberty Travel"), Helena Logelfo, Donna Riccardi,

Lauren Rothman, Susan Brennan, and Kelly Fytras (collectively, "Defendants"), by and through

their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Amended Complaint of

Plaintiff Pedro Mendes ("Plaintiff") as follows:

<u>NATURE OF ACTION</u>

       1.      Except to admit that Plaintiff purports to bring an action for damages under the

Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, as amended ("Title VII"), the New York

City Human Rights Law, N.Y. Exec. L. §§ 8-107 and 502 ("NYCHRL"), and under the common

law theory of Intentional Infliction of Emotional Distress, Defendants deny the allegations

contained in Paragraph One of the Amended Complaint and specifically deny that they violated

Title VII, the NYCHRL or any other federal, state or local laws, statutes or regulations.

## JURISDICTION

2.      Defendants aver that the allegations contained in Paragraph Two of the Amended Complaint contain conclusions of law to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 and 42 U.S.C. §§ 2000(e)-5(f) and (g).

3.      Except to admit that Liberty Travel maintains offices within the Southern District of New York, Defendants aver that the remaining allegations contained in Paragraph Three of the Amended Complaint contain conclusions of law to which no response is required.

## ADMINISTRATIVE PROCEEDINGS

4.      Defendants aver that the allegations contained in Paragraph Four of the Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information as to when that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and deny the remaining allegations contained in Paragraph Four.

5.      Defendants aver that the allegations contained in Paragraph Five of the Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the document annexed as Exhibit A to Plaintiff's Amended Complaint speaks for itself.

## PARTIES

6.      Except to admit that Plaintiff is a male, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Six of the Amended Complaint.

7.     Except to admit that Defendant Liberty Travel has a corporate office at 69 Spring Street, Ramsey, New Jersey and maintains various branch offices in New York and Kings Counties, Defendant Liberty Travel avers that the allegations contained in Paragraph Seven of the Amended Complaint contain conclusions of law to which no response is required. Defendants LoGelfo, Riccardi, Rothman, Brennan and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seven of the Amended Complaint.

8.     Except to admit that there is a Liberty Travel office at 565 86th Street in Bay Ridge, Brooklyn (hereinafter the "Bay Ridge Branch"), Defendants deny the allegations contained in Paragraph Eight of the Amended Complaint.

9.     Except to admit that Defendant LoGelfo is an employee of Liberty Travel and presently holds the title of District Manager, Defendants deny the allegations contained in Paragraph Nine of the Amended Complaint.

10.     Except to admit that Defendant Riccardi is an employee of Liberty Travel and presently holds the title of Branch Manager of the Bay Ridge Branch, Defendants deny the allegations contained in Paragraph Ten of the Amended Complaint.

11.     Except to admit that Defendant Rothman was an employee of the Bay Ridge Branch of Liberty Travel, Defendants deny the allegations contained in Paragraph Eleven of the Amended Complaint.

12.     Except to admit that Defendant Fytras is an employee of the Bay Ridge Branch of Liberty Travel, Defendants deny the allegations contained in Paragraph Twelve of the Amended Complaint.

13.     Except to admit that Defendant Brennan is an employee of Liberty Travel and presently holds the title of Director of Human Resources, Defendants deny the allegations contained in Paragraph Thirteen of the Amended Complaint.

## FACTS

14.     Except to admit that Plaintiff was hired by Liberty Travel on February 2, 2004, Defendants Liberty Travel and Brennan deny the allegations contained in Paragraph Fourteen of the Amended Complaint.  Defendants LoGelfo, Riccardi, Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen of the Amended Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen of the Amended Complaint.

16.     Except to admit that Plaintiff worked at various Liberty Travel offices throughout his employment, including the Bay Ridge Branch, Defendants Liberty Travel and Brennan deny the allegations contained in Paragraph Sixteen of the Amended Complaint.  Defendants LoGelfo, Riccardi, Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixteen of the Amended Complaint.

17.     Defendants admit the allegations contained in Paragraph Seventeen of the Amended Complaint.

18.     Defendants Liberty Travel, LoGelfo, Riccardi and Brennan deny the allegations contained in Paragraph Eighteen of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighteen of the Amended Complaint.

19.     Defendants Liberty Travel and Brennan deny the allegations contained in Paragraph Nineteen of the Amended Complaint.  Defendants LoGelfo, Riccardi, Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Amended Complaint.

20.     Except to admit that Plaintiff was granted requests for transfer to the Bensonhurst Branch on February 6, 2006 and the Bay Ridge Branch on February 20, 2006, Defendants Liberty Travel, LoGelfo and Brennan deny the allegations contained in Paragraph Twenty of the Amended Complaint.  Defendants Riccardi, Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty of the Amended Complaint.

21.     Defendants Liberty Travel, LoGelfo, Riccardi and Brennan admit the allegations contained in Paragraph Twenty-One of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-One of the Amended Complaint.

22.     Defendants Liberty Travel, LoGelfo, Riccardi and Brennan deny the allegations contained in Paragraph Twenty-Two of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Two of the Amended Complaint.

23.     Except to admit that Rothman and Fytras were employed as travel agents, Defendants aver that the remaining allegations contained in Paragraph Twenty-Three of the Amended Complaint contain conclusions of law to which no response is required.

24.     Defendants deny the allegations contained in Paragraph Twenty-Four of the Amended Complaint.

25.    Defendants Liberty Travel, LoGelfo, Riccardi, Brennan and Rothman deny the allegations contained in Paragraph Twenty-Five of the Amended Complaint.  Defendant Fytras lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Five of the Amended Complaint.

26.    Defendants deny the allegations contained in Paragraph Twenty-Six of the Amended Complaint.

27.    Defendants deny the allegations contained in Paragraph Twenty-Seven of the Amended Complaint.

28.    Defendants Liberty Travel, LoGelfo, Riccardi, Brennan and Fytras denies the allegations contained in Paragraph Twenty-Eight of the Amended Complaint.  Defendant Rothman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Eight of the Amended Complaint.

29.    Defendants deny the allegations contained in Paragraph Twenty-Nine of the Amended Complaint.

30.    Defendants Liberty Travel, LoGelfo, Riccardi, Rothman and Brennan deny the allegations contained in Paragraph Thirty of the Amended Complaint.  Defendant Fytras lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty of the Amended Complaint.

31.    Defendants Liberty Travel, LoGelfo, Riccardi, Rothman and Brennan deny the allegations contained in Paragraph Thirty-One of the Amended Complaint.  Defendant Fytras lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-One of the Amended Complaint.

32.     Defendants Liberty Travel, LoGelfo, Brennan, Riccardi and Rothman deny the allegations contained in Paragraph Thirty-Two of the Amended Complaint.  Defendant Fytras lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Two of the Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph Thirty-Three of the Amended Complaint.

34.     Except to admit that Riccardi made reference to "PMS" and bad moods during a staff meeting, Defendants deny the allegations contained in Paragraph Thirty-Four of the Amended Complaint.

35.     Defendants Liberty Travel, LoGelfo, Riccardi and Brennan deny the allegations contained in Paragraph Thirty-Five of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Five of the Amended Complaint.

36.     Defendants Liberty Travel, LoGelfo, Riccardi and Brennan deny the allegations contained in Paragraph Thirty-Six of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Six of the Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph Thirty-Seven of the Amended Complaint.

38.     Defendants Liberty Travel, LoGelfo, Riccardi and Brennan deny the allegations contained in Paragraph Thirty-Eight of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Eight of the Amended Complaint.

39.    Except to admit that Plaintiff's employment was terminated on April 25, 2006, Defendants Liberty Travel, LoGelfo, Riccardi and Brennan deny the allegations contained in Paragraph Thirty-Nine of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Nine of the Amended Complaint.

40.    Except to admit that Defendant LoGelfo met with Plaintiff concerning customer complaints on April 25, 2007, Defendants Liberty Travel, LoGelfo and Riccardi deny the allegations contained in Paragraph Forty of the Amended Complaint.  Defendants Rothman, Brennan and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty of the Amended Complaint.

41.    Defendants Liberty Travel, LoGelfo, Riccardi and Brennan deny the allegations contained in Paragraph Forty-One of the Amended Complaint.  Defendants Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-One of the Amended Complaint.

42.    Except to admit that Plaintiff sent e-mails to Brennan on April 25, 2006 and May 2, 2006, Defendants Liberty Travel and Brennan deny the allegations contained in Paragraph Forty-Two of the Amended Complaint.  Defendants LoGelfo, Riccardi, Rothman and Fytras lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Two of the Amended Complaint.

43.    Defendants deny the allegations contained in Paragraph Forty-Three of the Amended Complaint.

44.    Defendants deny the allegations contained in Paragraph Forty-Four of the Amended Complaint.

45.    Defendants deny the allegations contained in Paragraph Forty-Five of the Amended Complaint.

46.    Defendants deny the allegations contained in Paragraph Forty-Six of the Amended Complaint.

## FIRST CLAIM

47.    Defendants repeat and re-allege their answers to Paragraphs One through Forty-Six of the Amended Complaint as if set forth fully herein.

48.    Defendants deny the allegations contained in Paragraph Forty-Eight of the Amended Complaint.

49.    Defendants deny the allegations contained in Paragraph Forty-Nine of the Amended Complaint.

## SECOND CLAIM

50.    Defendants repeat and re-allege their answers to Paragraphs One through Forty-Nine of the Amended Complaint as if set forth fully herein.

51.    Defendants deny the allegations contained in Paragraph Fifty-One of the Amended Complaint.

52.    Defendants deny the allegations contained in Paragraph Fifty-Two of the Amended Complaint.

## THIRD CLAIM

53.    Defendants repeat and re-allege their answers to Paragraphs One through Fifty-Two of the Amended Complaint as if set forth fully herein.

54.    Defendants deny the allegations contained in Paragraph Fifty-Four of the Amended Complaint.

55.    Defendants deny the allegations contained in Paragraph Fifty-Five of the Amended Complaint.

56.    Defendants deny the allegations contained in Paragraph Fifty-Six of the Amended Complaint.

## FOURTH CLAIM

57.    Defendants repeat and re-allege their answers to Paragraphs One through Fifty-Six of the Amended Complaint as if set forth fully herein.

58.     Defendants deny the allegations contained in Paragraph Fifty-Eight of the Amended Complaint.

59.    Defendants deny the allegations contained in Paragraph Fifty-Nine of the Amended Complaint.

60.    Defendants deny the allegations contained in Paragraph Sixty of the Amended Complaint.

## FIFTH CLAIM

61.    Defendants repeat and re-allege their answers to Paragraphs One through Sixty of the Amended Complaint as if set forth fully herein.

62.     Defendants deny the allegations contained in Paragraph Sixty-Two of the Amended Complaint.

63.    Defendants deny the allegations contained in Paragraph Sixty-Three of the Amended Complaint.

64.    Defendants deny the allegations contained in Paragraph Sixty-Four of the Amended Complaint.

65.    Defendants deny the allegations in the WHEREFORE clause of the Amended

Complaint, deny each and every allegation contained in Plaintiff's Amended Complaint not

specifically admitted herein and deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which

relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver,

estoppel and unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All of Defendants' actions toward Plaintiff were based upon legitimate, non-

discriminatory business reasons.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times Defendant exercised reasonable care to prevent and correct any alleged

harassment and Plaintiff unreasonably failed to take advantage of any preventive or corrective

opportunities provided by Defendant or to otherwise avoid harm.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any alleged misconduct by any supervisor or other employee of Liberty Travel that

affected Plaintiff, which Defendants expressly deny, was: done without the authority,

knowledge, approval or ratification of Liberty Travel; in conflict with and in violation of Liberty

Travel's policies; solely for personal purposes not related to employment with Liberty Travel;

and outside the course and scope of employment.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's assertions of individual liability fail as a matter of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to mitigate his alleged damages, his claims for

damages are barred or diminished.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Punitive damages are not available against Defendant because Defendant made a good

faith effort to comply with the law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress and emotional distress damages are barred by the

exclusivity provision of New York's Workers Compensation law.

Defendants reserve the right to assert additional defenses as Plaintiff's claims are

clarified during the course of this litigation.

WHEREFORE, Defendants demand judgment as follows:

A.    Dismissing Plaintiff's Amended Complaint in its entirety;

B.    Granting Defendants their costs, disbursements, and attorneys' fees incurred in defending against this action; and

C.    Granting such other and further relief as the Court deems just and proper.

Dated: November 27, 2007
       New York, New York

MORGAN, LEWIS & BOCKIUS LLP


By:    /s/ Jennifer Hein_____
       Jennifer Hein (JH-3393)
       Maral Kazanjian (MK-0906)

101 Park Avenue
New York, New York 10178
(212) 309-6000

*ATTORNEYS FOR DEFENDANTS*
*Liberty Travel, Inc., Helena Logelfo, Donna*
*Riccardi, Lauren Rothman, Susan Brennan, and*
*Kelly Fytras*